**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALLEN FEINGOLD** | FILED   : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MARIA TESONE, et al.** | MICHAEL E. KUNZ, Clerk : | **NO. 12-4695** |
| | By_____ Dep. Clerk | |

**MEMORANDUM**

TUCKER, J.                                                            **SEPTEMBER**      , 2012

        Plaintiff Allen Feingold brings this action against Maria

Tesone; Michael McGuire; Buckley, Brion, McGuire, Morris &

Sommer, LLP; Lewis Sharps; RSZ Orthopaedics; and Erie Insurance

Company ("Erie").  He seeks to proceed in forma pauperis.  For

the following reasons, the Court will grant Feingold leave to

proceed in forma pauperis and dismiss his claims for lack of

standing.

**I.    FACTS[1]**

        Feingold, a former attorney, is well-known in this district.

In 2006, he "was suspended from the practice of law in

Pennsylvania for five years for, inter alia, 'filing frivolous

claims of fraud and civil conspiracy against opposing counsel.'"

Feingold v. Graff, Civ. A. No. 12-1090, 2012 WL 2400998, at *2

(E.D. Pa. June 26, 2012) (quoting Feingold v. Hendrzak, 15 A.3d

937, 939 n. 1 (Pa. Super. Ct. 2011)).  He was subsequently

disbarred in 2008 "because he 'failed to notify his clients of

_____

        [1]The following facts are taken from the complaint with the
exception of those facts related to Feingold's disciplinary
history and his litigation history in this court, which can be
found in the public record.

[the] disciplinary action and continued practicing law while suspended.'" Id. (quoting Feingold v. Office of Disciplinary Counsel, 415 F. App'x 429, 430 (3d Cir. 2011)) (alteration in original). Since his disbarment, Feingold has initiated a series of lawsuits in this district, suing former clients, opposing counsel, medical experts, and others involved in state court litigation in which he has not prevailed. Id. at *1 n.1 (collecting cases); see also E.D. Pa. Civ. A. Nos. 11-7144, 12-3442 & 12-3503.

This action is arises out of insurance claims made by Susan Whitson and Willie Whitson – who are not parties to this action – after Willie was in a car accident with Tesone on June 11, 2004.[2] According to the complaint, Tesone, who was insured by Erie, was responsible for the accident. Willie, who was driving Susan's car at the time, suffered serious injuries. The Whitsons hired legal counsel and filed a lawsuit against Erie in the Chester County Court of Common Pleas, apparently seeking payment under Tesone's insurance policy for injuries they sustained as a result of the accident.

According to the complaint, Erie and its legal counsel, Michael McGuire of the law firm Buckley, Brion, McGuire, Morris & Sommer, LLP, failed to comply with discovery obligations, refused to engage in settlement discussions, and forced the Whitsons'

---

[2]The Court will refer to Susan Whitson and Willie Whitson as the Whitsons, or by their first names if the Court is referring to them individually.

claims to trial. Erie and its counsel also forced Willie to undergo an examination with Sharps, a physician employed by RSZ Orthopaedics, who, on Erie's behalf, falsely claimed that Willie was not injured and/or that his injuries were not a result of the accident with Tesone. The tactics used against the Whitsons were allegedly part of a conspiracy among Erie and the defendants through which Erie intended to increase its profits and decrease its costs by avoiding and/or delaying payment of legitimate claims. (Compl. ¶¶ 15-22.) As a result of the defendants' conduct, Willie "was deprived of needed medical treatment which caused physical injury and associated suffering," and the Whitsons' litigation was compromised.[3] (Compl. ¶¶ 38, 59.) Additionally, the Whitsons incurred unnecessary litigation expenses and suffered a loss of business income because they were required to divert their time to the litigation with Erie. (Id. ¶¶ 36-37.)

In 2012, the Whitsons assigned any claims they had against the defendants to Feingold. The complaint does not expressly state the relationship between Feingold and the Whitsons, but it appears from the Whitsons' assignments that Feingold served as their attorney in certain unspecified matters. It is not clear whether Feingold ever represented the Whitsons in connection with their litigation against Erie. The assignments, which are attached to the complaint, state that the Whitsons

---

[3]The complaint implies, but does not expressly state, that the Whitsons lost their case in state court.

[ARE] ASSIGNING, CONTRACTING AND TRANSFERRING TO ALLEN FEINGOLD, ONE HUNDRED (100%) PERCENT OF [THEIR] CLAIMS FOR BAD FAITH, BREACH OF CONTRACT, DAMAGES, LOSSES, PROPERTY DAMAGE AND OTHER LOSSES AND IMPROPRIETIES THAT [THEY] POSSESS AGAINST THE LAWYERS, LAW FIRM, DEFENSE DOCTORS, DEFENDANTS AND THEIR INSURANCE COMPANY AND THEIR VARIOUS OTHER REINCARNATIONS, SUBSIDIARIES AND RELATED COMPANIES, OR ANY OTHER PERSON OR ENTITY WHO CAUSED [THEM] LOSS, HARM OR DELAYED [THEIR] CLAIMS.

Feingold brought this lawsuit pursuant to those assignments, raising state law claims of fraud, negligent misrepresentation, abuse of process, and civil conspiracy based on the above facts. The complaint also appears to assert a claim for negligent or intentional infliction of emotional distress.  Feingold seeks damages in excess of $75,000, as well as punitive damages.

## II.  STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the requirements set out in 28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.  Courts may dismiss a lawsuit pursuant to § 1915(e)(2)(B)(i) when a plaintiff lacks standing because in those cases, there is no legal basis for the plaintiff's claims.  See Banks v. Buchanan, 336 F. App'x 122, 123-24 (3d Cir. 2009) (per curiam); Awala v. People Who Want to Restrict Our First Amendment Rights, 164 F. App'x 215, 217 (3d Cir. 2005) (per curiam).

4

## III. DISCUSSION

As Feingold seeks to recover for injuries sustained by the Whitsons as a result of the defendants' allegedly fraudulent scheme, he only has standing if the Whitsons' assignments are valid.[4]  The Court will consider the validity of the assignments under Pennsylvania law because it appears that Pennsylvania has the most significant relationship to the transaction, as the assignments concern claims that arose in connection with litigation in Pennsylvania and nothing in the complaint suggests that another state has a greater interest.  See Hammersmith v. TIG Ins. Co., 480 F.3d 220, 227-29 (3d Cir. 2007).

"A number of decisions of the Pennsylvania Supreme Court have enunciated a broad rule that unliquidated tort claims cannot be assigned."  Feingold v. Liberty Mut. Grp., 847 F. Supp. 2d 772, 775 (E.D. Pa. 2012).  For instance, in Sommer v. Wilt, the Pennsylvania Supreme Court held that a malicious prosecution claim is a personal tort claim that is not assignable.  4 Serg. & Rawle 19 (1818); see also Sensenig v. Pennsylvania Railroad Co.,

---

[4]While the complaint focuses on the Whitsons' injuries, it also alleges that the Whitsons' counsel suffered "severe damages and losses" due to the defendants' actions.  (Compl. ¶ 48; see also id. ¶¶ 53, 58.)  However, Feingold does not allege that he served as the Whitsons' counsel in their litigation against Erie and the complaint does not otherwise suggest that he was personally harmed in any way by the defendants.  See, e.g., Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003) (to have standing, a plaintiff "must have suffered an injury in fact").  Furthermore, Feingold clearly asserted that he is bringing this lawsuit "pursuant to assignments issued to him by Willie and Susan Whitson."  (Id. ¶ 4.)  Accordingly, the Court does not understand Feingold to be seeking recovery for injuries that he personally suffered.

78 A. 91, 92 (Pa. 1910) (holding that discrimination claim was a personal tort "similar[] . . . to an action for malicious prosecution, or for the abuse of legal process, which actions are not assignable").  Likewise, a claim for "excessive distress" may not be assigned because it is a personal action with an undetermined value.  O'Donnel v. Seybert, 13 Serg. & Rawle 54 (1825).  Although the Pennsylvania Supreme Court has since permitted the assignment of certain tort claims if the "rights involved are more akin to property rights which can be assigned prior to liquidation," Pennsylvania courts have continued to recognize that unliquidated tort claims for personal injuries, as opposed to injuries to property, are generally not assignable. Hedlund Mfg. Co. v. Weiser, Stapler & Spivak, 539 A.2d 357, 358-59 (Pa. 1988) ("[W]e do not permit the assignment of a cause of action to recover for personal injuries."); Chiropractic Nutritional Assocs., Inc. v. Empire Blue Cross & Blue Shield, 669 A.2d 975, 983 (Pa. Super. Ct. 1995) ("[U]nder Pennsylvania state law, an unliquidated personal injury tort claim is not a property right and is not assignable.").

By virtue of the Whitsons' assignments, Feingold brought claims for emotional distress, fraud, negligent misrepresentation, abuse of process, and civil conspiracy to recover damages for the Whitsons' injuries.  However, under Pennsylvania law, such claims are not assignable.  Accordingly, the Whitsons' assignments are invalid to the extent that they assigned such claims to Feingold, and Feingold lacks standing to

bring this lawsuit.[5]

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss this action.  An appropriate order follows.

---

[5]The invalidity of the assignments also raises questions as to whether this Court has subject matter jurisdiction under 28 U.S.C. § 1332. See Choi v. Kim, 50 F.3d 244, 246 (3d Cir. 1995) (in determining whether diversity jurisdiction exists, the district court "was required to decide who was the real party in interest under Rule 17(a) of the Federal Rules of Civil Procedure") (footnote omitted).  However, the Court need not address the jurisdictional question because Feingold's lack of standing is dispositive.  See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (quotations omitted).